**MOBIL PIPE LINE COMPANY,**
Appellant,

v.

**Dane SMITH, Appellee.**

No. 08–93–00163–CV.

Court of Appeals of Texas,
El Paso.

July 2, 1993.

Rehearing Overruled Aug. 4, 1993.

James R. Caton, Seminole, Jeffrey J. Wolf, Jackson & Walker, L.L.P., Ft. Worth, Julia E. Vaughan, Susan R. Richardson, Cotton, Bledsoe, Tighe & Dawson, Midland, Albon O. Head, Jr., Jackson & Walker, L.L.P., Ft. Worth, for appellant.

Gerald Huffaker, Huffaker, Green & Huffaker, Tahoka, TX, for appellee.

Before OSBORN, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

OSBORN, Chief Justice.

In what appears as a case of first impression, this Court must decide what right an owner of a pipeline right-of-way has to enter upon farmland and lay a pipeline when there is no agreement with, but objection from, the tenant who farms the land under a lease at will. Mobil, as owner of the right-of-way, was denied access by the tenant, and the trial court denied a temporary injunction to permit access to the land being farmed by Dane Smith. We reverse and remand.

### Facts

For more than ten years, Dane Smith has farmed a quarter section of land in Gaines County, Texas. Since 1989, he has operated the farm under an agreement from his aunt, Judy Ford, which agreement states in full: "Dane Smith has my farm, farm no. 765, leased until further notified." On January 27, 1993, Judy Ford, the owner of the quar-ter section land which is farmed by her nephew, Dane Smith, executed a Right-of-Way Agreement in which she conveyed to Mobil Este Pipeline Inc. the rights-of-way, easements and privileges:

> [T]o enter at any time and from time to time to lay, repair, maintain, operate and remove one 14″ pipe line ... over, across and through [the described land].

The agreement provided that the pipeline would be buried to a depth of not less than 48 inches below the surface and Mobil "agrees to pay any damages which may arise to crops, timber, or fences from the use of said premises for such purposes." Mobil was constructing, at a cost of $35 million, a pipeline from near Denver City to near Post to transport carbon dioxide for tertiary oil recovery. After Smith denied Mobil access across the farm, Mobil obtained, without a hearing, a Temporary Restraining Order to obtain access over its right-of-way. Two days later, and again without a hearing, the Temporary Restraining Order was dissolved. Following a hearing eleven days later, the Court denied the Application for Temporary Injunction. After a hearing on a Motion for Reconsideration, relief was again denied.

### Issue

By a single point of error, Mobil contends that the trial court abused its discretion in denying the Application for Temporary Injunction because it established a probable right to recovery and probable irreparable injury. Smith responds that there was no abuse of discretion because he did not join in the easement, that the last peaceful possession was in himself as tenant and that to grant relief would provide all relief requested upon a final hearing.

The issue then is can a tenant who does not join in an easement prohibit the owner of a right-of-way, granted by the landowner, from entering upon the surface of the land to lay a pipeline as provided for in the right-of-way?

### Discussion

Surprisingly, in the state with more miles of pipeline than any state in the nation, this

issue has never been decided. In fact, we are not cited to any case in the nation which has passed upon this issue. This is even more surprising when we are told we have more lawyers and a more litigious society than any other country in the world. Have tenant farmers been without counsel for the last 70 years while pipelines were laid across 254 counties in this state? Equally surprisingly, it is suggested to the Court that the law is so clear there has been no need to litigate the issue now before us. We find it, and perhaps leave it, somewhat confusing.

### Correlative Rights

 An owner of land has title and is entitled to possession of the premises. As the owner, that party may grant rights to other parties to use either the surface or subsurface. If a lease is given to farm the land, the right to possession is divested from the owner during the term of the lease. A tenant, having an estate in land, has the general and exclusive right to possession during the term. *Mallam v. Trans–Texas Airways,* 227 S.W.2d 344 (Tex.Civ.App.—El Paso 1949, no writ). The tenant may exclude third persons including the landlord. THE LAW OF PROPERTY, HORNBOOK SERIES LAWYER'S EDITION § 6.22 (1984). But an owner is vested with the right to execute oil and gas leases which grant a right to capture and sell certain named subsurface minerals. The lease creates a determinable fee interest in the oil and gas. *Stephens County v. Mid–Kansas Oil & Gas Co.,* 113 Tex. 160, 254 S.W. 290 (1923); A.W. Walker, Jr., *The Nature of the Property Interests Created by an Oil and Gas Lease in Texas,* 7 TEX.L.REV. 1, 8 (1928). While the mineral lessee has no possessory interest in the surface estate, yet it is burdened in the lessee's favor with certain necessarily implied easements of egress and ingress, and for the use of such portions of the surface for drilling, storing, pumping and transporting as are incidental to the full enjoyment of the lessee's exclusive privilege to drill for, produce and market the oil and gas. *Sun Oil Company v. Whitaker,* 483 S.W.2d 808 (Tex.1972); A.W. Walker, Jr., *The Nature of the Property Interests Created by an Oil and Gas Lease in Texas,* 7 TEX. L.REV. 539 (1929). As between the landown-

er and lessee, the lessee becomes the owner of the dominate estate. *Ball v. Dillard,* 602 S.W.2d 521 (Tex.1980); *Sun Oil Company v. Whitaker.* In the *Ball* case, Ball, in 1973, obtained a surface lease from the landowner for a term of five years. The following year, Dillard entered into a mineral lease with the landowner covering the same ranch property. Ball locked a gate which prevented Dillard from entering upon the ranch. In finding that Dillard was entitled to recover damages arising from the "lock out", the Court said:

> When Ball locked the gate to the property, he denied Dillard access to the leased property, and was exercising a right not given to him by his surface lease. As holder of the surface lease, he had no legal right to deny the mineral lessee, Dillard, access to the land for mineral development purposes. [Cases cited]. Thus, Ball, as surface lessee, has exceeded his rights under the lease, and in so doing has unreasonably interfered with the rights of Dillard, the mineral lessee.

602 S.W.2d at 523.

 Even when the owner leases the surface, the owner retains a right to enter into agreements that will affect the surface. In *Ball v. Dillard,* the oil and gas lease was executed a year after the surface lease. But the lessee will be entitled to recover damages which result from an interference with the lessee's right to possession of the surface. *Ball v. Dillard; Robinson v. Robbins Petroleum Corporation, Inc.,* 501 S.W.2d 865 (Tex. 1973). In such case, the owner of the right-of-way has the dominate estate. *Phillips Pipe Line Company v. Razo,* 420 S.W.2d 691 (Tex.1967). Any grant of an easement necessarily carries with it the right to do such things as are reasonably necessary for the full enjoyment of the easement granted. *Harris v. Phillips Pipe Line Company,* 517 S.W.2d 361 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.). Having granted an easement for a pipeline, a landowner has no right to make use of the surface that might endanger or interfere with the use of such easement. *Phillips Pipe Line Company v. Razo.* If the landowner cannot interfere with the full enjoyment of the easement granted, certainly the lessee, who takes with knowledge that a

landowner retains rights to grant a right-of-way, may not interfere with the rights granted. Otherwise, the owner of the servient surface estate can limit the rights granted to the owner of the dominate estate.

The Appellee argues that the holdings in the cases involving oil and gas leases are not controlling because in those cases, there is a severance of the estates to include a surface estate and a subsurface estate. *See Humphreys–Mexia Co. v. Gammon,* 113 Tex. 247, 254 S.W. 296 (1923); A.W. Walker, Jr., *The Nature of the Property Interests Created by an Oil and Gas Lease in Texas,* 7 TEX.L.REV. 1 (1928). We cannot accept this distinction. If the estates are severed with an oil and gas lease, and the owner can burden the tenant's right to use the surface by executing such a lease, then surely that right must exist where there has been no severance of the surface estate. We also note that the owner of an oil and gas lease has a right to place permanent fixtures, i.e. pump jacks and storage tanks on the surface, whereas the owner of the right-of-way in this case only has a right to bury its line below plow depth and leave nothing on the surface to interfere with normal farming operations. Thus, the burden to the surface estate is substantially less than in the case of the oil and gas lease.

### Conclusion

■ We conclude that Mobil, having established an absolute right to enter upon the premises under its Right-of-Way Agreement, has shown a probable right to prevail and an irreparable injury. Interference with an easement will be protected by injunction. *Stanolind Oil & Gas Co. v. Wimberly,* 181 S.W.2d 942 (Tex.Civ.App.—El Paso 1944, no writ). The trial court should grant the temporary injunction and upon final hearing, determine the amount of crop damages to be awarded to the tenant, Dane Smith.

The order of the trial court is reversed and the case is remanded for entry of a temporary injunction in accordance with this opinion.