Opinion issued February 25, 2011 



In The 

Court of Appeals 


For The 



First District of Texas 

———————————— 
NO. 01-07-00431-CV 
——————————— 
BROOKSHIRE KATY DRAINAGE DISTRICT, Appellant 
V. 
THE LILY GARDENS, LLC, RICHARD E. FLUECKIGER AND 
KENNETH B. LUEDECKE, Appellees 


On Appeal from the 9th District Court 
Waller County, Texas 
Trial Court Case No. 06-08-18415 



OPINION DISSENTING FROM 
THE DENIAL OF EN BANC CONSIDERATION 


I respectfully dissent from the denial of en banc reconsideration of this case because the extraordinary issue presented requires the attention of the full court. See TEX. R. APP. P. 41.2(c). For the reasons stated in his dissenting opinion, I agree with Justice Wilson that the panel majority has erred in affirming the trial court’s summary judgment against appellant, Brookshire Katy Drainage District (“the District”), in its suit for declaratory and injunctive relief against appellees, Lily Gardens, LLC, and its owners, Richard E. Flueckiger and Kenneth B. Luedecke. In arguing for en banc reconsideration, the District asserts that the panel majority, in its opinion, “disregards the language and purpose of the easement in question, well-established Texas jurisprudence, and the competent evidence presented by the District.” It emphasizes that the panel’s opinion affects “the rights of easement holders in light of Texas public policy.” 

The dispositive facts, as established by the summary-judgment evidence, are straightforward. As noted by the panel majority, “[t]he District is a political subdivision of the State of Texas, created by the Texas Legislature, and charged with controlling drainage in an area of Waller County.” The District is a conservation and reclamation district containing the waters of the Buffalo Bayou and the Barker Reservoir, which was created by the Texas Legislature in 1961. See TEX. SPEC. DIST. CODE ANN. §§ 6603.001—204 (Vernon Supp. 2010); see also TEX. CONST. art. XVI, § 59; TEX. WATER CODE ANN. § 53.088 (Vernon 2002). The District is charged with the “drainage of its overflowed lands.” TEX. CONST. art. XVI, § 59(a). To accomplish this, the District “has all the rights, powers, privileges, and duties conferred and imposed by general law.” TEX. SPEC. DIST. CODE ANN. § 6603.101. 

Since 1962, the District has owned a “Right of Way Easement” for a “drainage canal and system” on approximately 13 acres of real property, which, in October 2004, was purchased by appellees, The Lily Gardens, L.L.C., Richard E. Flueckiger, and Kenneth B. Luedecke (collectively “Lily Gardens”). The District’s easement has an aggregate width of 50 feet and extends across Lily Gardens’s property. Under its easement, the District “shall have all rights and benefits necessary or convenient for [its] full enjoyment or use of [its] rights.” The District has the expressly recognized “right from time to time to cut and remove all trees, undergrowth, and abate other obstruction, upon said canal right of way, that may injure, endanger, or interfere with the construction, operation, maintenance and repair of said drainage canal.” The only rights reserved by the grantors of the easement were the right to the minerals in and under the land covered by the easement and the right to use the “facilities offered by the drainage canal for the disposal of surface waters, rain, or any excess waters collecting upon [the] land . . . .” 

Lily Gardens attached to its summary-judgment motion the District’s “RULES AND REGULATIONS NO. 05-01,” which provide a process and procedure for landowners like Lily Gardens to obtain, upon the District’s approval, an access permit to construct, among other things, private or public crossings of the District’s drainage facilities. The rules and regulations contain specific requirements for bridges and specifically prohibit “wooden bridges.” 

The District attached to its response to Lily Garden’s summary-judgment motion the affidavit of Raymond Dollins, the president of the District. Dollins testified that at some point in time, the District installed two culverts, drain conduits, at a juncture in the canal that extends across Lily Gardens’s property. He explained that although the District has the above rules and regulations in place, Lily Gardens, without applying for an access permit, and after being instructed by the District to “cease and desist,” constructed a “covered bridge” over the culverts as illustrated by the photographs in “Exhibit 2” to his affidavit and attached as an appendix to this opinion. The photographs reveal that the “bridge cover” in question is actually a large wooden structure in the shape of a house. Dollins noted that the District’s right-of-way easement contains “a major drain-way and [is a] critical part of the District’s drainage system,” and, in seeking to protect its easement rights, he emphasized the District’s interest in the continued maintenance and operation of its drainage system. And he illustrated that the large wood structure could readily impede the District in exercising its broad “authority and discretion” in performing its duties. For example, if the District, in the exercise of its full enjoyment and use of its rights, finds it necessary or convenient to “relocate, maintain, remove and/or replace its culverts,” how can it do so without removing the large wooden structure built over them? 

Although the summary-judgment evidence of Lily Gardens reveals that a cement bridge was already in place over the District’s culverts when Lily Gardens purchased its real property in October 2004, it also reveals that Lily Gardens did in fact build a “cover [over the bridge] that is approximately 24 feet long, 20 feet wide, and has a clearance height of 14 feet 6 inches.” In other words, Lily Gardens built a 480 square foot wood structure over the District’s culverts in the middle of the District’s right-of-way easement. 

Regardless, the trial court, in its final judgment, declared that “the bridge covering at issue is not a nuisance, and does not encroach on [the District’s] easement rights.” And the panel majority, concluding that Dollins’ testimony is conclusory, affirms the trial court’s judgment on no-evidence grounds. See TEX. 

R. CIV. P. 166a(i). 

As noted in the opinion of the panel that first considered this case, it is well-established Texas law that the scope of an easement holder’s rights under an easement is determined by the express terms of the grant. Marcus Cable Assocs. v. Krohn, 90 S.W.3d 697, 701 (Tex. 2002); DeWitt County Elec. Co-op. v. Parks, 1 S.W.3d 96, 103 (Tex. 1999). While it may be that the 480 square foot wooden structure built by Lily Gardens is not currently interfering with the flow of the drainage waters within the District’s easement, this is not the test for determining whether the structure itself constitutes an encroachment on the District’s easement rights. Rather, the easement language should be read broadly and in light of the circumstances and purposes of the easement to actually allow the District what is granted therein; namely, the rights and benefits necessary or convenient for the full enjoyment and use of the rights granted by the easement. See Mobil Pipe Line Co. 

v. Smith, 860 S.W.2d 157, 159 (Tex. App.—El Paso 1993, writ dism’d w.o.j.). Thus, that Dollins testified to what seems obvious, i.e., the 480 square foot wood structure interferes with the District’s broad “authority and discretion” to perform its duties in regard to its easement, does not render his testimony conclusory. Accordingly, if the District did not prove its entitlement to judgment as a matter of law, it, at the very least, raised material questions of fact, especially on the issue of Lily Gardens’ encroachment upon the Districts’ right-of-way easement rights. 

Although the trial court’s and the panel majority’s error in concluding otherwise might initially seem unremarkable, it is actually profound. As noted in the brief of amici curiae, the Texas Water Conservation Association, the Texas Municipal League, and the Texas City Attorneys Association, the error “effectively nullifie[s] commonplace easement terms and purposes, and represents an anomally and inconsistency with both law and common practice throughout the State of Texas.” Accordingly, the error is of such importance to the jurisprudence of the State of Texas that it should be corrected. See TEX. GOV’T CODE ANN. § 22.001(a)(6) (Vernon 2004).

 Terry Jennings

 Justice A majority of the justices of the Court voted to overrule the motion for en banc reconsideration. 

En banc court consists of Justices Jennings, Keyes, Alcala, Higley, Bland, Sharp, 
Massengale, Brown, and Wilson. Chief Justice Radack not participating. 
Justice Alcala, concurring in the denial of en banc reconsideration. 


Justice Massengale, concurring in the denial of en banc reconsideration. 
Justice Jennings, dissenting from the denial of en banc reconsideration, joined by 
Justice Keyes. 


Justice Keyes, dissenting from the denial of en banc reconsideration, joined by 
Justice Jennings. 
Justice Wilson, dissenting from the denial of en banc reconsideration.