ACCEPTED
04-15-00127-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/12/2015 4:41:59 PM
KEITH HOTTLE
CLERK

## No. 04-15-00127CV

## IN THE COURT OF APPEALS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
03/12/2015 4:41:59 PM
KEITH E. HOTTLE
Clerk

## FOR THE 4TH JUDICIAL DISTRICT OF TEXAS

## AT SAN ANTONIO

---

### EL CABALLERO RANCH, INC. AND LAREDO MARINE, L.L.C., *Appellants*

### V.

### GRACE RIVER RANCH, LLC, *Appellee*

---

Appealed from
the 218th District Court of
La Salle County, Texas

---

## RESPONSE TO MOTION FOR EMERGENCY STAY OF TEMPORARY INJUNCTION CHALLENGED IN INTERLOCUTORY APPEAL

---

MOORMAN TATE HALEY
UPCHURCH & YATES, LLP

By: STEVEN C. HALEY
    State Bar No. 08741900
    207 E. Main St./P.O. Box 1808
    Brenham, Texas 77834-1808
    Telephone: (979) 836-5664
    Telecopier: (979) 830-0913
    shaley@moormantate.com

Attorney for Appellee,
Grace River Ranch, LLC

{18705.43065-00374336.DOCX}

No. 04-15-00127CV

IN THE COURT OF APPEALS

FOR THE 4TH JUDICIAL DISTRICT OF TEXAS

AT SAN ANTONIO

---

EL CABALLERO RANCH, INC.
AND LAREDO MARINE, L.L.C., *Appellants*

V.

GRACE RIVER RANCH, LLC, *Appellee*

---

Appealed from
the 218th District Court of
La Salle County, Texas

---

RESPONSE TO MOTION FOR EMERGENCY STAY OF
TEMPORARY INJUNCTION CHALLENGED
IN INTERLOCUTORY APPEAL

---

TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:

GRACE RIVER RANCH, LLC (GRACE RIVER), Appellee in this appeal and Plaintiff below, respectfully files this, its Response to Motion for Emergency Stay of Temporary Injunction Challenged in Interlocutory Appeal and in support of same would show this Court the following:

2

# STATEMENT OF FACTS

1. **Grace River Ranch.** GRACE RIVER is the owner of the 6,779.066 acre "Grace River Ranch" located in La Salle County, Texas and more particularly described by metes and bounds in Special Warranty Deed, Veda Gwen Goodwin Treat and Kelly Maxwell Goodwin, Co-Trustees of the Roy and Bonnie Goodwin Family Ranch Trust Dated December 17, 2012 to Rio Gracia Ranch, LLC dated December 31, 2012 and recorded at Volume 664, Page 227, Official Public Records, La Salle County, Texas (hereinafter the "Grace River Ranch").

2. **El Caballero Ranch.** EL CABALLERO is the owner of at least 9,220.993 acres comprising the "El Caballero Ranch" located in La Salle County and described in Warranty Deed from Knight Oil Tools, Inc. to EL CABALLERO dated March 30, 1998 and filed of record at Volume 400, Page 83, Deed Records, La Salle County, Texas (hereinafter the "El Caballero Ranch").

3. **7 C's Ranch.** LAREDO MARINE is the owner of a 30,074.41 acre tract known as the "7 C's Ranch" located in La Salle and Webb Counties, Texas and more particularly described in Correction General Warranty Deed With Assumption of Security Documents, Damon Chouest, Inc. to Laredo Marine Dated April 20, 2011 and filed of record at Volume 572, Page 120, Deed Records, La Salle County, Texas (hereafter the "7 C's Ranch").

{18705.43065-00374336.DOCX}

**4.** **Common Source of Title of Grace River Ranch, El Caballero Ranch, and 7 C's Ranch.** The Grace River Ranch (owned by GRACE RIVER), the El Caballero Ranch (owned by EL CABALLERO), and the 7 C's Ranch (owed by LAREDO MARINE), have a common source of title, being Patrick H. Welder, Jr. The parent tract was acquired by Patrick H. Welder, Jr. by deed dated January 28, 1963 and recorded at Volume 130, Page 116, Deed Records, La Salle County, Texas on February 19, 1963. The histories of Grace River Ranch, the El Caballero Ranch, and the 7 C's Ranch subsequent to that common source of title appear below in tabular form:

**Figure 1.**

| Title History of Grace River Ranch | | |
|---|---|---|
| **Document** | **Date** | **Recorded** |
| General Warranty Deed, Patrick H. Welder, Jr. to John T. Mundy and Sue E. Mundy | September 6, 1995 | Volume 381, Page 563, Deed Records, La Salle County, Texas on September 12, 1995 |

{18705.43065-00374336.DOCX}

| Title History of Grace River Ranch | | |
|---|---|---|
| **Document** | **Date** | **Recorded** |
| Special Warranty Deed, John T. Mundy and Sue E. Mundy to The Roy and Bonnie Goodwin Family Ranch Trust (Veda Gwen Goodwin Treat and Kelly Maxwell Goodwin, as Co-Trustees) | December 17, 2012 | Volume 664, Page 219, Official Public Records, La Salle County, Texas on January 2, 2013 |
| Special Warranty Deed, Veda Gwen Goodwin Treat and Kelly Maxwell Goodwin, Co-Trustees of the Roy and Bonnie Goodwin Family Ranch Trust Dated December 17, 2012 to Rio Gracia, LLC | December 31, 2012 | Volume 664, Page 227, Official Public Records, La Salle County, Texas on January 2, 2013 |

{18705.43065-00374336.DOCX}

## Figure 2.

| Title History of El Caballero Ranch | | |
|---|---|---|
| **Document** | **Date** | **Recorded** |
| Vendor's Lien Deed, Patrick H. Welder, Jr. to Knight Oil Tools, Inc. | February 3, 1997 | Volume 392, Page 229, Deed Records, La Salle County, Texas on February 6, 1997 |
| Warranty Deed, Knight Oil Tools, Inc. to El Caballero Ranch, Inc. | March 30, 1998 | Volume 400, Page 83, Deed Records, La Salle County, Texas on April 22, 1998 |

## Figure 3.

| Title History of 7 C's Ranch | | |
|---|---|---|
| **Document** | **Date** | **Recorded** |
| Warranty Deed, Patrick H. Welder, Jr. to E. J. Cop (30,074.41 ac.) | October 6, 1999 | Volume 407, Page 409, Deed Records, LaSalle County, Texas |
| Warranty Deed, E.J. Cop to Dennis J. Wilkerson, Trustee (15,000 ac.) | March 22, 2000 | Volume 411, Page 179, Deed Records, LaSalle County, Texas |

6

| Title History of 7 C's Ranch | | |
|---|---|---|
| **Document** | **Date** | **Recorded** |
| Warranty Deed, E.J. Cop to Dennis J. Wilkerson, Trustee, Samuel H. Vester, Jr. and Joseph P. Gerlich (15,074.41 ac.) | March 22, 2000 (Effective March 22, 2000) | Volume 411, Page 208, Deed Records, LaSalle County, Texas |
| Warranty Deed With Vendor's Lien, Dennis J. Wilkerson, Trustee, Samuel H. Vester, Jr., and Joseph P. Gerlich to Damon Chouest, Inc. | March 22, 2000 (Effective March 22, 2000) | Volume 411, Page 234, Deed Records, LaSalle County, Texas |
| Correction Warranty Deed With Vendor's Lien, Dennis J. Wilkerson, Trustee, Samuel H. Vester, Jr. and Joseph P. Gerlich to Damon Chouest, Inc. | April 18, 2011 (Effective March 22, 2000) | Volume 572, Page 85, Deed Records, La Salle County, Texas |
| General Warranty Deed With Assumption of Security Documents, Damon Chouest, Inc. to Laredo Marine, L.L.C. | December 18, 2000 | Volume 417, Page 11, Deed Records, La Salle County, Texas |
| Correction General Warranty Deed With Assumption of Security Documents, Damon Chouest, Inc. to Laredo Maine, L.L.C. | April 20, 2011 (Effective December 18, 2000) | Volume 572, Page 120, Deed Records, La Salle County, Texas |

{18705.43065-00374336.DOCX}

**5.** **Northerly Grace River Easement.** Contemporaneously with the creation and sale of the present Grace River Ranch by Patrick H. Welder, Jr. on September 6, 1995, Welder created and granted an "Access Easement Agreement" for vehicular and pedestrian access in favor of buyers, John T. Mundy and Sue E. Mundy, to the present Grace River Ranch over and across Welder's retained property which included the present El Caballero Ranch and 7 C's Ranch and passing along a prescribed and surveyed route northward from Grace River Ranch toward FM 624. This Access Easement Agreement (recorded at Volume 382, Page 1, Deed Records, La Salle County, Texas) provided in pertinent part:

(1)  the easement was 80 feet in width;

(2)  the access was for vehicular and pedestrian access along the described route of the easement for each owner of the present Grace River Ranch, their employees, agents, and invitees;

(3)  no barriers were to be erected to interfere with the free flow of vehicular and pedestrian traffic across the present El Caballero Ranch and/or 7 C's Ranch other than gates through which the easement owner might pass without assistance;

(4)  the servient owner was to provide the easement owner with all necessary keys to open gates such that all gates could be freely opened and closed without assistance;

(5)  the easement was binding upon and inured to the benefit of all subsequent owners of the servient and dominant estates;

8

(6)    the easement could not be subsequently amended except by a writing by the owners of the servient and dominant estates and signed and filed of record in La Salle County;

(7)    the easement was appurtenant to the present Grace River Ranch.

(hereinafter the "Northerly Grace River Easement").

6.    **Easterly Access Easement.** Contemporaneous with the creation and sale of the present Grace River Ranch by Patrick H. Welder, Jr. on September 6, 1995, Welder also created and granted a second "Access Easement Agreement" for vehicular and pedestrian access in favor of buyers, John T. Mundy and Sue E. Mundy, to the present Grace River Ranch over and across Welder's retained property which included the present 7 C's Ranch property and passing along a described route eastward from Grace River Ranch eastward towards State Highway 44. This second Access Easement Agreement (recorded at Volume 382, Page 9, Deed Records, La Salle County, Texas similarly provided in pertinent part:

(1)    the easement was 80 feet in width;

(2)    the access was for vehicular and pedestrian access along the described route of the easement for each owner of the present Grace River Ranch, their employees, agents, and invitees;

(3)    no barriers were to be erected to interfere with the free flow of vehicular and pedestrian traffic across the present 7 C's Ranch property other than gates through which the easement owner might pass without assistance;

9

{18705.43065-00374336.DOCX}

(4)      the servient owner was to provide the easement owner with all necessary keys to open gates such that all gates could be freely opened and closed without assistance;

(5)      the easement was binding upon and inured to the benefit of all subsequent owners of the servient and dominant estates;

(6)      the easement could not be subsequently amended except by a writing by the owners of the servient and dominant estates and signed and filed of record in La Salle County, Texas.

(7)      The easement was appurtenant to the present Grace River Ranch.

(hereinafter the "Easterly Access Easement").

**7.**      **Grace River Easements.** The Northerly Grace River Easement and the Easterly Grace River Easement are herein sometimes collectively referred to as the "Grace River Easements".

**8.**      **Grace River Ranch the Successor Dominant Estate Owner of the Grace River Easements.** GRACE RIVER is the successor in title to the dominant estate of the Grace River Easements per the following chain of title:

10

{18705.43065-00374336.DOCX}

## Figure 4.

| Title History of Grace River Easements | | |
|---|---|---|
| **Instrument** | **Date** | **Recorded** |
| Access Easement Agreement (Northerly), Patrick H. Welder, Jr. to John T. Mundy, et ux | September 6, 1995 | Volume 382, Page 1, Deed Records, La Salle County, Texas on September 12, 1995 |
| Access Easement Agreement (Easterly), Patrick H. Welder, Jr. to John T. Mundy, et ux | September 6, 1995 | Volume 382, Page 9, Deed Records, La Salle County, Texas on September 12, 1995 |
| Special Warranty Deed, John T. Mundy and Sue E. Mundy to Roy and Bonnie Goodwin Family Ranch Trust (Veda Gwen Goodwin Treat and Kelly Maxwell Goodwin, as Co-Trustees) [1] | December 17, 2012 | Volume 664, Page 219, Official Public Records, La Salle County, Texas on January 2, 2013 |
| Special Warranty Deed, Veda Gwen Goodwin Treat and Kelly Maxwell Goodwin, Co-Trustees of the Roy and Bonnie Goodwin Family Ranch Trust of December 17, 2012 to Rio Gracia, LLC [2] | December 31, 2012 | Volume 664, Page 227, Official Public Records, La Salle County, Texas on January 2, 2013 |

[1] The Grace River Easements were expressly conveyed as part of this transaction.
[2] The Grace River Easements were expressly conveyed as part of this transaction.

11

**9.   El Caballero and Laredo Marine are the Successor Servient Owners Under the Grace River Easements.** EL CABALLERO, as the owner of the El Caballero Ranch, is the successor in title to that part of the servient estate encumbered by the Northerly Grace River Easement and lying within the El Caballero Ranch per the chain set out in Figure 2.

LAREDO MARINE, as the owner of the 7 C's Ranch, is the successor in title to that part of the servient estate encumbered by both the Northerly Grace River Easement and the Easterly Grace River Easement and lying within 7 C's Ranch per the chain of title set out in Figure 3.

All vesting deeds into EL CABALLERO and LAREDO MARINE, and their predecessors in title, made after September 6, 1995 (the date the Grace River Easements were created by Patrick H. Welder, Jr.), as well as all relevant title policies of Appellants and their predecessors in title expressly made subject to the Northerly Grace River Easement, the Easterly Grace River Easement, and the La Salle County Easement[3] (as applicable).

**10.   Additional Private and Public Easements Along the Route of the Northerly Grace River Easement.** The Northerly Grace River Easement is non-exclusive. Additional parties have valid public and/or private easements along the

---

[3] *Refer to* Figure 5.

{18705.43065-00374336.DOCX}

route of the Northerly Grace River Easement and across El Caballero Ranch and the 7 C's Ranch, which easements were originally created by the following instruments:

**Figure 5.**

| Additional Easements Along Northerly Grace River Easement | | |
|---|---|---|
| **Instrument** | **Date** | **Recorded** |
| Access Easement Agreement, Patrick H. Welder, Jr. to Jim Berry and Bob Berry (hereafter the "Berry Easement") | March 31, 1995 | Volume 52, Page 379, Deed Records, La Salle County, Texas on May 15, 1995 |
| Vendor's Lien Deed, Patrick H. Welder, Jr. to Knight Oil Tools, Inc. (hereafter the "Welder Easement")[4] | February 3, 1997 | Volume 392, Page 229, Deed Records, La Salle County, Texas |
| Right-of-Way Deed, Ruth Bradley Watkins, Individually and as Independent Executor of the Will and Estate of Griffin Watkins, Deceased, et al to G.A. Welhausen, County Judge, La Salle County, Texas (the "La Salle County Easement"). | February 3, 1939 | Volume M-3, Page 390, Deed Records, La Salle County, Texas |

These additional easements have not been subsequently revoked, released, or terminated.

---

[4] This instrument expressly retained an access easement in favor of Patrick H. Welder, Jr.

13

**11.** <u>**Use of the Northerly Grace River Easement.**</u> After the creation and recordation of the Northerly Grace River Easement in favor of John T. Mundy and Sue E. Mundy (hereinafter collectively "Mundy") Mundy extensively used the Northerly Grace River Easement for access to the Grace River Ranch (then the "Mundy Ranch"). Mundy was originally supplied a key to all gates across the Northerly Grace River Easement by Patrick H. Welder, Jr. The Northerly Grace River Easement crossed the Nueces River over a low water crossing originally constructed by La Salle County for the La Salle county Easement decades prior on the county road lying along the same path as the Northerly Grace River Easement (hereafter the "Low Water Crossing").

On February 3, 1997, Knight Oil Tools acquired the current El Caballero Ranch by Vendor's Lien Deed made expressly subject to the Northerly Grace River Easement, the Berry Easement. and the La Salle County Easement. Knight Oil Tools, Inc. then conveyed the El Caballero Ranch to a related entity, EL CABALLERO, on March 30, 1998 expressly subject to the same pre-existing easements.

Eddie Knight, a principal of both Knight Oil Tools, Inc. and El Caballero Ranch supplied Mundy with keys to the new gate lock placed by Knight Oil Tools/Caballero Ranch along the route of the Northerly Grace River Easement.

14

Later Knight Oil Tools/Caballero Ranch supplied a second updated key to a replacement lock along the route of the Northerly Grace River Easement. Mundy continued to make extensive use of the Northerly Grace River Easement for access and egress.

Sometime thereafter, there was a washout of 65 feet of the southern approach of the decades old Low Water Crossing. The majority of the span of the Low Water Crossing remains intact. This washout caused an interruption of the use of the Northerly Grace River Easement as a through way to FM 624 by Mundy while Mundy waited for the repair of the Low Water Crossing by the County. Mundy temporarily did not travel this way along the entirety of the Northerly Grace River Easement for this reason only. Mundy utilized alternate access. However, there was nothing that changed about the road that indicated to Mundy that any party was attempting to deny Mundy permission to use of the Northerly Grace River Easement as it crossed either the El Caballero Ranch or the 7 C's Ranch. There were no visual indications on the road that either servient owner then failed to recognize the continuity of the Northerly Grace River Easement. Nothing about the gates or road indicated any change in circumstances. Nothing indicated that Mundy's key was no longer valid to access the road. Mundy never intended to relinquish nor did Mundy relinquish Mundy's right to use the

15

Northerly Grace River Easement after the washout. No one connected with Knight Oil Tools, Inc. or EL CABALLERO ever challenged Mundy's right to use the Northerly Grace River Easement. Mundy would have vigorously opposed any such effort.

The Northerly Grace River Easement also crosses the present 7 C's Ranch between Grace River Ranch and the Nueces River to the north along the route described in the Northerly Grace River Easement. During the time that Damon Chouest, Inc. and Laredo Marine, L.L.C. owned the 7 C's Ranch, they had a Ranch Manager running operations there by the name of Chad Edwards. During this period, all gates lying along the Northerly Grace River Easement on the 7 C's Ranch were taken down and/or unlocked except one new gate lying several hundred yards south of the Nueces River. This gate was kept locked with a lock requiring a key. Mundy was provided with a duplicate copy of this key by Chad Edwards after the Low Water Crossing washed out and in anticipation of it being repaired. At all times while Mundy and Mundy-related entities owned the Grace River Ranch, Mundy had the use of the Northerly Grace River Easement. Mike Treat, a caretaker for the Mundy Property, utilized the 7 C's Ranch portion of the Northerly Grace River Easement several times a year each year for the period

16

extending between 2000 and 2013. No one connected with 7 C's Ranch ever disputed that use.

**12.** **Use of Easterly Grace River Easement.** After the creation and recordation of the Easterly Grace River Easement in favor of Mundy, Mundy extensively used the Easterly Grace River Easement for access to the Grace River Ranch (then the "Mundy Ranch"). The Easterly Grace River Easement provided access to the Mundy Ranch from easterly direction across the present 7 C's Ranch Property. This was one of the preferred routes to reach the Ranch convenient to Mundy. There was a locked gate where the Easterly Grace River Easement entered the present 7 C's Ranch. Mundy maintained Mundy's own lock on this gate to allow them to come and go along the Easterly Grace River Easement. During the entire time of Mundy's ownership of the Ranch, no one connected with any of the owners of the present 7 C's Ranch ever attempted to restrict or prohibit Mundy's use of the Easterly Grace River Easement. Mundy used it frequently and without protest from anyone. No one connected with the ownership of 7 C's Ranch ever challenged Mundy's right to use the Easterly Grace River Easement for as long as Mundy owned the Ranch. If they had, Mundy would have vigorously opposed any such effort. Representatives of Grace River Ranch have used the

{18705.43065-00374336.DOCX}

Easterly Access Easement freely since GRACE RIVER purchased the Grace River Ranch without complaint or opposition by anyone connected with 7 C's Ranch.

13. **Grace River Bought Grace River Ranch.** On December 31, 2012 GRACE RIVER bought the Grace River Ranch and appurtenant easements from a Mundy family trust, inclusive of the Grace River Easements.

14. **Grace River Notified El Caballero That Grace River is the Current Owner of the Northerly Grace River Easement.** In February, 2013 GRACE RIVER notified EL CABALLERO that GRACE RIVER was the current owner of the Northerly Grace River Easement.

15. **Grace River Requested Keys and Access to the Northerly Grace River Easement.** Beginning February 22, 2013, GRACE RIVER requested keys and access to the Northerly Grace River Easement as it traverses El Caballero Ranch.

16. **Grace River Requested Keys and Access to the Northerly Grace River Easement Through Counsel.** Beginning not later than March 7, 2013, GRACE RIVER by and through its counsel requested EL CABALLERO to provide keys and access along the Northerly Grace River Easement.

17. **El Caballero Refused Access Along the Northerly Grace River Easement.** In response to requests by GRACE RIVER for access along the

{18705.43065-00374336.DOCX}

Northerly Grace River Easement, EL CABALLERO refused any access along that easement.

18. **El Caballero Falsely and Unilaterally Attempted to Terminate the Northerly Grace River Easement, the Berry Easement, and the La Salle County Easement.** In direct response to Grace River's request for access, on or about March 5, 2013, EL CABALLERO attempted to falsely and unilaterally terminate the Northerly Grace River Easement, the Berry Easement (now owned by ROBERT W. BRITTINGHAM), and the La Salle County Easement by recording in the Official Records of La Salle County, a "Notice of Revocation and Termination of Easement and Access Easement Agreements" by claims of abandonment, failure of purpose, and impossibility. Prior to that date neither EL CABALLERO nor its predecessors in title had taken an action to cancel or repudiate the Northerly Grace River Easement.

19. **The Original Basis for El Caballero's Excluding Grace River from the Northerly Grace River Easement are Failure of Purpose, Abandonment, and Impossibility.** The original basis of EL CABALLERO's refusal to allow use of the Northerly Grace River Easement was failure of purpose, abandonment, and impossibility.

{18705.43065-00374336.DOCX}

**20.** **Suit Filed by Grace River.** In April, 2013, GRACE RIVER filed the present suit against EL CABALLERO seeking to open up and gain access to the Grace River Easements and the La Salle County Easement and enjoin EL CABALLERO's interference with the easements.

**21.** **Traditional and No-Evidence Motion for Summary Judgment Filed by Grace River.** On July 18, 2013, GRACE RIVER filed herein its Traditional and No-Evidence Motion for Summary Judgment to determine and declare the validity of the Northerly Grace River Easement and of the public roadway along the route of the Northerly Grace River Easement against the failure of purpose, abandonment, and impossibility claims made by EL CABALLERO. This Motion was set for hearing before the trial court on September 26, 2013.

**22.** **El Caballero Files its First Amended Answer.** On or about September 18, 2013 (approximately seven days prior to the scheduled hearing on the above [first] Traditional and No-Evidence Motion for Summary Judgment), El Caballero filed herein its First Amended Answer, Defenses & Counterclaim (the "Amended Answer"). The Amended Answer raised the additional defense of adverse possession/limitation to the easements.

**23.** **Intervention by Laredo Marine.** Also on or about September 18, 2013, LAREDO MARINE filed herein its Original Petition in Intervention and

Counterclaim contesting the validity of the Northerly Grace River Easement and the public road running along the path of the Northerly Grace River Easement on grounds of abandonment, failure of purpose, and adverse possession/limitations.

**24.** **Grace River's Traditional and No-Evidence Motion for Summary Judgment Heard and Submitted.** The [first] Traditional and No-Evidence Motion for Summary Judgment filed by GRACE RIVER was heard by the Court on September 26, 2013. The Motion was extensively and exhaustively argued and briefed by the Parties on that date with the Court taking the matter under advisement.

**25.** **Court Issues Letter Ruling.** On or about June 12, 2014, the Court entered its letter ruling that was granting the [first] Traditional and No-Evidence Motion for Summary Judgment in favor of GRACE RIVER.

**26.** **Order Entered.** On July 7, 2014, the Court entered its Order Granting Traditional and No-Evidence Motion for Summary Judgment in favor of GRACE RIVER.

**27.** **Amended Order Entered.** The Court later entered its Second Amended Order Granting Traditional and No-Evidence Motion for Summary Judgment in favor of GRACE RIVER.

21

**28.** **Second Traditional and No-Evidence Motion for Summary Judgment by Grace River.** GRACE RIVER then filed its Second Motion for Traditional and No-Evidence Motion for Summary Judgment seeking summary judgment on all issues and against all parties intervening after the filing of the original Motion (as granted by the Court on July 7, 2014).

**29.** **Second Traditional and No-Evidence Motion for Summary Judgment Heard and Considered.** The Second Traditional and No-Evidence Motion for Summary Judgment was heard and considered by the Court on September 18, 2014.

**30.** **Court Issues Letter Ruling.** On December 17, 2014, the Court entered its letter ruling that it was granting the Second Traditional and No-Evidence Motion for Summary Judgment.

**31.** **Partial Summary Judgment.** On March 3, 2015, the Court entered its Partial Summary Judgment incorporating all of its rulings in favor of GRACE RIVER on the [first] Traditional and No-Evidence Motion for Summary Judgment and Second Traditional and No-Evidence Motion for Summary Judgment. A copy of the Partial Summary Judgment is appended "Exhibit A".

22

The Partial Summary Judgment confirmed the existence of the Grace River Easements and La Salle County Easement across both El Caballero Ranch and 7 C's Ranch as follows:

1.   **Private Easement.** GRACE RIVER has valid and subsisting non-exclusive express easements across El Caballero Ranch, 7 C's Ranch, and the Nueces River Crossing for vehicular and pedestrian access to and egress from Grace River Ranch along that part of the Grace River Easements lying within El Caballero Ranch, 7 C's Ranch, and/or the Nueces River Crossing with the right to use and maintain the road thereon and any culverts, low water crossings, or bridges lying along the Grace River Easement in conformity with the rights and privileges and subject to the requirements set out in the Grace River Easements and the Miscellaneous Easement.

2.   **Public Road.** There is a valid and subsisting public road across El Caballero Ranch, 7 C's Ranch, and Nueces River Crossing along the route and of the width described in the County Road Easement for that part of the County Road Easement lying within El Caballero Ranch, 7 C's Ranch, and the Nueces River Crossing.

The Partial Summary Judgment further enjoined EL CABALLERO and LAREDO MARINE from interfering with the use of the Grace River Easements and La Salle County Easement by GRACE RIVER as follows:

1.   **Private Easements.** EL CABALLERO and LAREDO MARINE are enjoined from:

(a)   Erecting or maintaining any barriers, fences, or gates of any kind that would interfere with or obstruct the free flow of vehicular or pedestrian access, on, over, or across the Grace River Easements other than gates currently located on El

23

{18705.43065-00374336.DOCX}

Caballero Ranch or 7 C's Ranch. All such gates must be maintained and/or secured such that GRACE RIVER may pass through them without assistance. LAREDO MARINE shall remove the fence along the Northerly Grace River Easement and located within 7 C's Ranch within 30 days of the date entry of this Partial Summary Judgment.

(b)     Maintaining any gate or barrier along or across the Grace River Easements without providing all necessary keys, combinations, or codes to GRACE RIVER to open such gates without assistance. Such keys, combinations, or codes are to be delivered to GRACE RIVER not later than 3 days from the entry hereof, and prior to an installation of any future rekeyed, reconfigured, or recoded lock.

(c)     Taking any action to prevent GRACE RIVER from freely opening and closing any gates in the Grace River Easements without assistance.

(d)     Preventing or obstructing GRACE RIVER from using, having access across, or undertaking the maintenance or repair of the roadway, bridges, low water crossings, culverts, grades, trimming, etc. along the Grace River Easements and Nueces River Crossing.

2.     **Public Road.** EL CABALLERO and LAREDO MARINE are permanently enjoined from:

(a)     Preventing or obstructing maintenance or repair of the roads, bridges, culverts, grades, or low water crossings lying along the County Road Easement.

32.     **Effect of Partial Summary Judgment.** The Partial Summary Judgment finally and completely adjudicated all claims between GRACE RIVER and Appellants regarding the validity, continuity, and extent of the Grace River

24

Easements and the La Salle County Easement. The Partial Summary Judgment was interlocutory only in the sense that it did not adjudicate:

(1.) All claims of GRACE RIVER for damages against EL CABALLERO and LAREDO MARINE claimed to be sustained by reason of any disruption or blocking of the Grace River Easements or the La Salle County Easement.

(2.) All claims for attorney's fees and costs.

**33.    Severance Sought.** On December 23, 2014, GRACE RIVER filed herein its Motion for Severance of Actions seeking to sever the matters finally determined by the Partial Summary Judgment into a separate suit from remaining issues of damages and attorney's fees. That Motion for Severance is set for hearing for April 1, 2015.

**34.    Request for Key(s) or Code(s).** On March 4, 2015, counsel for GRACE RIVER once again requested counsel for EL CABALLERO and LAREDO MARINE to provide the key(s), code(s), or combination(s) for the gates across the Grace River Easements and La Salle County Easement as necessary for GRACE RIVER to access the easements in accordance with the Partial Summary Judgment.

**35.    Refusal to Provide Access in Violation of Partial Summary Judgment.** EL CABALLERO and LAREDO MARINE have contumaciously failed and refused and continue to fail and refuse to provide the necessary key(s),

25

{18705.43065-00374336.DOCX}

code(s), and/or combination(s) to the gates or to provide access to GRACE RIVER to the Grace River Easements and La Salle County Easement all in violation of the injunctions provided for by the Partial Summary Judgment.

**36.  Notice of Interlocutory Appeal.**  On March 9, 2015, EL CABALLERO and LAREDO MARINE filed with the trial court an Interlocutory Notice of Appeal.

**37.  Motion for Emergency Stay.**  On March 11, 2015, EL CABALLERO and LAREDO MARINE filed herein their Motion for Emergency Stay of Temporary Injunction Challenged in Interlocutory Appeal.

**38.  Response.**  To this Motion, GRACE RIVER files this Response.

## PRIOR MANDAMUS PROCEEDING

Appellants suggest that the Partial Summary Judgment proceeding "directly conflicts" with the ruling of this Court in a prior mandamus proceeding.[5]  This statement is patently insupportable.

This Court's earlier ruling in the mandamus proceeding depended on the inability of the Appellants to suspend the enforcement of the Order Granting Traditional and No-Evidence Motion for Summary Judgment (July 7, 2014) while obtaining appellate review of the trial court's determination on the validity of the

---

[5] Appellant's Motion for Emergency Stay of Temporary Injunction Challenged in Interlocutory Appeal (hereinafter simply the "Motion") at 7.  The prior mandamus action was styled *In re: El Caballero Ranch, Inc.;* No. 04-14-00584-CV, Fourth Court of Appeals at San Antonio.

26

easements.[6] However, since that Memorandum Opinion, the procedural landscape of this case has dramatically changed. The trial court has now finally determined against the Appellants as meritless all claims that remained unadjudicated at the time of the Memorandum Opinion.[7] Appellants have now sought an Interlocutory Appeal of the Partial Summary Judgment under TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4).[8]

As a consequence of the present interlocutory appeal, Appellants have the right to seek to suspend the enforcement of the interlocutory judgment as with a traditional appeal.[9] Appellants have made no attempt to suspend enforcement of the Partial Summary Judgment under TEX. R. APP. P. Rule 24.1. Nor has the trial court, consequently, refused to supersede the Partial Summary Judgment. As the result, Appellants are not entitled to move this Court to review a decision of the trial court which has not yet been made.[10] Appellants, by the Motion, have provided no evidence that their rights cannot be adequately protected by supersedeas or other mode under TEX. R. CIV. P. Rule 24.[11]

---

[6] Memorandum Opinion [Exhibit B] at 5.
[7] Memorandum Opinion [Exhibit B] at 5; Partial Summary Judgment at 4.
[8] Notice of Appeal [Exhibit C].
[9] TEX. R. APP. P. Rule 29.2.
[10] TEX. R. APP. Rule 29.2.
[11] TEX. R. APP. P. Rule 29.3.

{18705.43065-00374336.DOCX}

Appellants' right to seek suspension of the Partial Summary Judgment is available, but has not been attempted. As a result, the underlying basis of the Memorandum Opinion is not present in the instant interlocutory appeal.[12]

## PROBABLE RIGHT OF RECOVERY

Appellants suggest (without any elucidation) that GRACE RIVER's Second Traditional and No-Evidence Motion for Summary Judgment, which providing hundreds of pages of summary judgment proof, failed to provide any evidence of a probable right to the Grace River Easements. The voluminous nature of GRACE RIVER's proof makes in impracticable to scan and transmit its summary judgment evidence on one day's notice. GRACE RIVER will be scanning and transmitting to the Court its Second Traditional and No-Evidence Motion for Summary Judgment and voluminous appended summary judgment proof in the next succeeding days. GRACE RIVER's summary judgment proof is extensive and compelling beginning with the deeded, recorded, and written Grace River Easements never revoked, abandoned, or superceded. The trial court took three months to carefully read, review, and consider all summary judgment proof of the parties. The Court considered this evidence conclusive of the existence of the easements.

---

[12] *See* Memorandum Opinion at 5.

28

Appellants suggest that GRACE RIVER failed to offer additional summary judgment proof at the hearing on the Motion for Entry of Partial Summary Judgment.[13] Appellants fail to suggest how such live proof could possibly be consistent with summary judgment procedure.[14]

## IRREPARABLE INJURY

GRACE RIVER having established conclusively its rights in the Grace River Easements has conclusively prevailed by summary judgment on all matters concerning the validity, continuity, and extent of those easements.[15] The establishment of the easements sufficiently establishes irreparable injury.[16] The issue on appeal of a temporary injunction granting a right to use an easement is whether there is a *bona fide* proof of the existence of the easement and whether injunctive relief is required to preserve the continued existence of that right.[17] The temporary injunction is not dependent upon the merits of the easement claim.[18]

---

[13] Motion at 6; Reporter's Record of Motion for Entry of Partial Summary Judgment.

[14] *See* TEX. R. CIV. P. Rule 166a(c) (prohibiting oral proof). It should be remembered that the hearing on the Second Traditional and No-Evidence Motion for Summary Judgment was conducted on September 18, 2014 not March 3, 2015. By the date of the March 3, 2015 hearing the trial court had already rendered judgment thereon by letter ruling. *Refer to* Partial Summary Judgment [Exhibit A]; Letter Ruling [Exhibit D].

[15] Partial Summary Judgment [Exhibit A] at 4.

[16] *Mobil Pipe Line Co. v. Smith*, 860 S.W.2d 157, 160 (Tex. App. – El Paso 1993, no writ); *Aimco Properties, L.P. v. Time Warner Entertainment – Advance/Newhouse Partnership*, 1997 WL 590675 at *3-4.

[17] *Richter v. Hickman*, 243 S.W.2d 466, 468 (Tex. Civ. App. – Galveston 1951, no writ); *Egan v. Woodell*, 720 S.W.2d 169, 171 (Tex. App. – San Antonio 1986, writ ref'd n.r.e.).

[18] *Egan v. Woodell, supra* at 171.

29

Rather, the question is whether the trial judge abused discretion in preserving the *status quo*.[19] The *status quo* is the last actual, peaceable, non-contested status which preceded the present controversy.[20] In this case, the last peaceable status between the parties was before EL CABALLERO refused access to GRACE RIVER and unilaterally attempted to revoke the easements with its "Notice of Revocation and Termination of Easement and Access Easement Agreements."[21]

Appellants disingenuously suggest that to require them to remove their "fencing" unreasonably alters the status quo unfair and unjust.[22] Appellants neglect to advise the Court that that fencing was erected by LAREDO MARINE <u>during the pendency of this suit</u> with full knowledge of the claims of GRACE RIVER. LAREDO MARINE altered the *status quo* by erecting IN mid-litigation fencing along the length of and blocking the Northerly Grace River Easement. This brinksmanship by LAREDO MARINE should not be the basis of bootstrapping their legal position.

Appellants suggest that GRACE RIVER is attempting to alter the *status quo* by building "a permanent concrete bridge connecting the two ranches."[23]

---

[19] *Id.*

[20] *Id.* at 172.

[21] In easement cases the typical *status quo* is when the easement right was last used. *See Aimco Prop. v. Time Warner Entertainment – Advanced/Newhouse, supra* at *4.

[22] Motion at 10.

[23]

{18705.43065-00374336.DOCX}

Appellants neglect to advise the Court that the Low Water Crossing at issue has existed at its present location for decades.[24] GRACE RIVER, in accordance with permits/easement obtained from the General Land Office of Texas and U.S. Army Corps of Engineers has all necessary authorization to repair 65 feet of the southern approach to the Low Water Crossing pursuant to engineered plans to span a bypass channel created by a high water event on the Nueces River.[25]

## A FINAL DETERMINATION OF GRACE RIVER'S EASEMENT RIGHTS HAS BEEN MADE

The Final Summary Judgment finally adjudicated all claims of the parties regarding GRACE RIVER's private easement claims.[26] The adjudication of the remaining claims of damages and attorney's fees will not have the effect of altering this final resolution regarding the validity and existence of the Grace River Easements. While Appellants suggest that there is "ongoing litigation" to determine the existence of the easements,[27] the Partial Summary Judgment is explicit on this point. There are no remaining unadjudicated claims or defenses to the private easement rights of GRACE RIVER in the Grace River Easements.[28] By

---

[24] Affidavit of Kenney Newville [Exhibit E] at 14. This Affidavit was "Exhibit 1" to GRACE RIVER's Second Traditional and No-Evidence Motion for Summary Judgment.
[25] *Id.*
[26] Partial Summary Judgment [Exhibit A] at 4.
[27] Motion at 3.
[28] Partial Summary Judgment [Exhibit A] at 4.

their Motion, Appellants do not direct the Court to <u>any unadjudicated claims</u> which remain on the validity, continuity, or extent of the Grace River Easements.

Appellants inexplicably suggest to this Court that the Second Traditional and No-Evidence Motion for Summary Judgment has not been granted.[29] The Second Traditional and No-Evidence Motion for Summary Judgment was rendered and granted.[30]

## INJUNCTIVE RELIEF APPROPRIATE TO ENFORCE EASEMENT RIGHTS

Injunctive relief is manifestly the appropriate remedy to prevent obstruction of a private easement by a servient owner.[31]

## MOOTNESS DOCTRINE

Appellants suggest (without elucidation) that enjoining their continued obstruction of the Grace River Easements renders moot "their remaining claims that are pending in the underlying case."[32] Under the Partial Summary Judgment,

---

[29] Motion at 3. "This [Second Tradition and No-Evidence] Motion [for Summary Judgment] if granted, like the first summary judgment motion, would not finally dispose of the case..."

[30] Letter Ruling [Exhibit D]; Final Summary Judgment [Exhibit A].

[31] *City of Mission v. Popplewell,* 294 S.W.2d 712, 714 (Tex. 1956); *Mobil Pipe Line Co. v. Smith,* 860 S.W.2d 157, 160 (Tex. App. – El Paso 1993, no writ); *Egan v. Woodell,* 720 S.W.2d 169, 171-72 (Tex. App. – San Antonio 1986, writ ref'd n.r.e.); *Meredith v. Eddy,* 616 S.W.2d 235, 241 (Tex. Civ. App. – Houston [1st Dist.] 1981, no writ); *Chicago Rock Island and Pacific Railroad Company v. Spool Stockyards Company,* 220 F. Supp. 433, 437 (W.D. Tex. 1963); *Aimco Prop., L.P. v. Time Warner Entertainment – Advanced/Newhouse Partnership,* 1997 WL 590675 at *3-4 (Tex. App. – Austin 1997); *County of Harris v. Southern Pac. Transp. Co.,* 457 S.W.2d 336, 341 (Tex. Civ. App. – Houston [1s Dist.] 1970, no writ).

[32] Motion at 8.

32

Appellants have no remaining unadjudicated claiming regarding the private easement claims of GRACE RIVER.[33] The claims remaining involve only GRACE RIVER's claims for damages and attorney's fees.[34] It is impossible to conceive how these remaining claims are rendered moot by allowing GRACE RIVER to utilize the easement the trial court has now determined that it owns. Indeed, immediate access would have the salutary effect of mitigating accruing damages and attorney's fees.

Even further afield are claims by Appellants that the Partial Summary Judgment renders moot the direct appeal that Appellants intend to bring regarding the validity of the Grace River Easements. It is rationally inconceivable that allowing GRACE RIVER access prevents the Appellants in any way from pursuing an appeal on the validity of the easements.

WHEREFORE, PREMISES CONSIDERED, GRACE RIVER prays that the Motion be in all things denied.

Respectfully submitted,

MOORMAN TATE HALEY
UPCHURCH & YATES, LLP

---

[33] Partial Summary Judgment [Exhibit A] at 4.
[34] *Id.*

{18705.43065-00374336.DOCX}

By: _____

STEVEN C. HALEY
State Bar No. 08741900
207 East Main
P.O. Box 1808
Brenham, Texas 77834-1808
Telephone: (979) 836-5664
Telecopier: (979) 830-0913
shaley@moormantate.com

MONTEZ & PATTERSON
John H. Patterson, Jr.
State Bar No. 24027716
Thornton Plaza
508 Thorton, Suite 4
Cotulla, Texas 78014
Telephone: (830) 483-5191
Telecopier: (830) 483-5192
john@montezandpatterson.com

Attorneys for GRACE RIVER RANCH, L.L.C.

34

## CERTIFICATE OF SERVICE

I, Steven C. Haley, do hereby certify that on the 12th day of March, 2015, I served a true and correct copy of the foregoing Response to Motion for Emergency Stay of Temporary Injunction Challenged in Interlocutory Appeal to the following, deposited in a post paid, depository under the care and custody of the United States Postal Service, duly addressed to such party at the address stated, by certified mail, return receipt requested, facsimile, e-mail, and/or hand-delivery.

Annalyn G. Smith
Schmoyer Reinhard, LLP
17806 I-10W, Ste. 400
San Antonio, Texas 78257
E-mail: asmith@ar-llp.com

Kimberly S. Keller
Keller Stolarczyk PLLC
234 West Bandera Road, No. 120
Boerne, Texas 78006
E-mail: kim@kellsto.com

STEVEN C. HALEY

{18705.43065-00374336.DOCX}